## FACER FORGED STEEL CAR WHEEL & LOCOMOTIVE WHEEL CO. v. CARNEGIE STEEL CO.

(Circuit Court of Appeals, Third Circuit. December 27, 1923. Rehearing Denied February 8, 1924.)

No. 3042.

**Equity ⬤➧362—Dismissal for want of prosecution in discretion of court.**
 Dismissal of a suit for want of prosecution, after it had been pending for more than ten years, *held* within the discretion of the court.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thompson, Judge.

Suit in equity by the Facer Forged Steel Car Wheel & Locomotive Wheel Company against the Carnegie Steel Company. Decree of dismissal, and complainant appeals. Affirmed.

Owen J. Roberts, of Philadelphia, Pa., for appellant.
D. Anthony Usina, of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This appeal is from a decree of the District Court dismissing the plaintiff's bill for delay in prosecution. The question whether the court had equitable jurisdiction, in view of the fact that the bill, praying for an injunction, was filed only twenty-five days before the expiration of the patent, was one primarily for the trial court. As the trial court did not decide it, we shall not consider it. Therefore the only question here for review is whether the trial judge abused his discretion in dismissing the bill.

This case was brought in 1912—more than ten years ago. In the beginning the moves made in its prosecution were feeble. This is indicated by the character of the pleadings. First, the defendant demurred to the bill on the ground that the action was not cognizable in equity because the patent expired so shortly after the filing of the bill that relief by preliminary injunction could not be obtained. Then the plaintiff moved to dismiss the demurrer because the new equity rules, then recently promulgated, abolished that pleading. What was done with the motion does not appear. In any event, the defendant later filed a motion to dismiss the bill in lieu of its demurrer. Then followed a motion by the plaintiff to dismiss the defendant's motion to dismiss the bill on the ground that the latter pleading was superfluous in view of a ruling by the court that it would regard the demurrer as a motion to dismiss. This was in 1913. In this situation the case stood until August, 1922, when the plaintiff, by rule to show cause, pressed for the discharge of the defendant's motion to dismiss the bill. The defendant replied by a motion to dismiss the bill for delay in prosecution. Outside these meager record entries it appears that in the first year of the case delays occurred through many causes—negotiations for settlement, convenience of counsel, death of counsel, the plaintiff's lack of money. But these delays, negative though

they were, subsided for several years into complete inactivity until, in November, 1918, the plaintiff discussed the matter of trial with counsel for the defendant and obtained from him a letter wherein he indicated his willingness to "try the suit in the ordinary way without animosity and without interposing any technical difficulty." Following this letter the plaintiff did nothing until 1922, when, the case coming to life, a controversy arose between counsel as to the meaning of the letter of November 21, 1918; the interpretation of counsel for the defendant, the writer, being that he merely indicated a willingness to proceed with the case as it stood, reserving the right to resort to all available defenses including his motion to dismiss the bill filed years before; the interpretation of counsel for the plaintiff being that the writer represented that he was willing to go to trial on the merits. Whatever may be the correct interpretation of the letter, the plaintiff made no attempt to avail itself of it for nearly four years.

This recital of the pleadings is given not for the purpose of assessing the fault of the respective parties but for the purpose of disclosing that from a legal standpoint the plaintiff was at all times (during at least nine years) in position to bring the case to issue on five days' notice and have it set down for hearing. As the defendant did nothing to interfere with this right, it became the duty of the plaintiff to exercise it if it desired the redress it was seeking. In contemplation of law, it never ceased to be the actor. As it ceased to act it ceased to prosecute its suit. The decision of the question whether thereby the plaintiff had forfeited its right to proceed further was wholly within the discretion of the judge.

On this appeal we may not review and reverse the action of the learned trial judge on the ground that we might have come to a conclusion different from his, for that would be a clear substitution of our discretion for his discretion—a thing the law does not permit. We have only to determine whether, in the circumstances, the learned trial judge abused the discretion which the law reposes in him, and in him alone. Persuasive as was the argument of plaintiff's counsel, we find nothing in the record which indicates that he abused his discretion or that he did anything other than to perform his duty in a trying situation.

The decree below is affirmed.