## WELCH v. RUGGLES-COLES ENGINEERING CO.

Circuit Court of Appeals, Second Circuit.
May 2, 1927.

No. 304.

Courts ⟨⇒351½—Dismissal for failure to prosecute suit pending over six years held not abuse of discretion, notwithstanding pending probate proceedings precluding successful prosecution (equity rule 57).

Trial judge *held* not to have abused discretion in granting motion to dismiss for failure to prosecute, where over six years and eight months had elapsed since action was started, and case had been marked off calendar five times under equity rule 57, notwithstanding that pending probate proceedings, wherein plaintiff was petitioning for appointment as administratrix, precluded successful prosecution of suit.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Katharine A. Welch, as administratrix of the estate of Abraham T. Welch, deceased, against the Ruggles-Coles Engineering Company. From a decree of dismissal, plaintiff appeals. Affirmed.

On September 9, 1902, four letters patent of the United States, numbered 708,602, 708,-946, 708,604, and 708,603, were duly granted to Abraham T. Welch, for inventions in dryers and method of heating materials for the purpose of drying or treating materials. Late in December, 1910, the patentee, Abraham T. Welch, died intestate.

On August 30, 1911, the probate court of the District of Columbia appointed two persons other than the plaintiff as joint administrators of his estate. Said administrators duly qualified and acted as administrators, and fully administered the estate of said decedent; an affidavit by one of them having, on September 30, 1915, been approved and passed by said District of Columbia probate court.

On November 21, 1912, plaintiff was appointed as administratrix of the estate of said Abraham T. Welch, by a court of probate in Essex county, New Jersey. On May 8, 1919,

plaintiff verified the bill of complaint, and on September 8, 1919, the bill was filed.

On September 9, 1919, all of the four patents in suit expired. On September 29, 1919, within the 20-day period, the defendant duly filed its answer.

On November 20, 1919, at the request of the plaintiff's attorneys, the case was marked off the calendar under equity rule 57. Thereafter the case was restored and marked off at the request of the plaintiff's attorneys, at irregular intervals, until November 15, 1922, when, on motion by the attorneys for the defendant for an order of dismissal for failure to prosecute, an order was made denying the motion on certain conditions therein stated. On January 21, 1924, on another motion by the attorneys for the defendant for an order of dismissal for failure to prosecute, an order was made denying the motion on certain conditions therein stated.

On April 23, 1926, the attorneys for the defendant again moved to dismiss for failure to prosecute, and showed that the plaintiff had not complied with either of the former orders, and on May 12, 1926, the decree of dismissal appealed from was granted.

R. H. McNeill, of Washington, D. C., for appellant.

Mayer, Warfield & Watson, of New York City (C. A. L. Massie and Donald L. Brown, both of New York City, of counsel), for appellee.

Before MANTON and SWAN, Circuit Judges, and CAMPBELL, District Judge.

CAMPBELL, District Judge (after stating the facts as above). The conditions contained in the orders of November 15, 1922, and January 21, 1924, related to the prosecution by the appellant of an action or proceeding in the District of Columbia, having for its purpose the appointment of the appellant as administratrix of said Abraham T. Welch by the probate court of that District.

Appellant contends that the several orders and the decree of dismissal were improvidently and illegally or unjustly granted, and that the judges making such orders were without any authority to grant any orders requiring appellant to leave this jurisdiction and go into another jurisdiction and litigate a matter which should have been litigated in the Southern district of New York.

The bill of complaint alleges (paragraph 2) that the appellant was administratrix, but does not state what court granted the letters of administration, merely that she was

administratrix "by due process of law," and this would have covered appointment in New Jersey, as well as in the District of Columbia; but both by the letter of November 8, 1919, and affidavit verified April 23, 1926, presented on the final motion which resulted in dismissal, it is apparent that her attorneys felt that they could not successfully proceed without having appellant appointed as administratrix in the District of Columbia.

While the provisions of the two orders in question, with reference to the proceedings in the District of Columbia, are unusual, it is clear that they were inserted because the appellant was urging the existence of such litigation as a reason for not dismissing the bill, and the court was trying to remove that reason by requiring those proceedings to be diligently prosecuted.

That the proceedings in the District of Columbia were not required, nor instituted under the direction of said orders, is apparent, when you consider that the appellant filed her first petition in the District of Columbia on November 14, 1919, three years and one day before the order of November 15, 1922, was made. Not only one, but three, petitions were unsuccessfully filed by the appellant in the District of Columbia during that time.

Five times this case was marked off the calendar under equity rule 57, and two motions to dismiss for failure to prosecute were denied, on condition that the appellant should proceed diligently with her proceedings in the District of Columbia, and show that the reason assigned for delay on her part was genuine. The orders of November 15, 1922, and January 21, 1924, were not complied with, and the proceedings in the District of Columbia were in no more favorable position when the decree of dismissal was signed than they had been when the order of January 21, 1924, was made.

Over six years and eight months had elapsed since the action had been started, and the appellee had been unable to bring the action to trial. No appeal has been taken from the orders of November 15, 1922, nor the order of January 21, 1924. The appeal here presented is only from the decree of dismissal of May 12, 1926, and the only question here for review is: Did the trial judge properly exercise the discretion vested in him in his determination of such motion? Facer Forged Steel C. W. & L. W. Co. v. Carnegie S. Co. (C. C. A.) 295 F. 134; Carnegie Steel Co. v. Colorado Fuel & Iron Co. (C. C. A.) 14 F.(2d) 1. We hold, under all the circum-

stances, that his discretion was properly exercised.

Appellant advances as a reason for reversing the decree of dismissal that, since the making of that decree, she has succeeded in having an order granted by the Supreme Court of the District of Columbia, without consideration of the merits, appointing her administratrix ad litem, but that has not relieved her from her difficulties. The same reasons she has been urging for over six years, why she could not proceed with the trial of this action, still existed on the day of the argument of this appeal, because an appeal from the order appointing appellant as administratrix ad litem had been allowed to the administrators theretofore appointed by that court, and an undertaking on appeal to operate as a supersedeas fixed at $500.

The decree is affirmed.