UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION v. BANK LINE TRANSPORT & TRADING CO.

District Court, N. D. California, S. D. November 2, 1927.

No. 17419.

1. Dismissal and nonsuit ⬅60(2)—Cause at issue for more than five years dismissed on motion for want of prosecution.

Under District Court rule 76, which provides, inter alia, that a cause pending for more than a year without any proceedings having been taken therein may be dismissed on motion and notice, a cause pending more than five years since at issue, and more than four years since any action by libelant, dismissed on motion of respondent and a showing of prejudice by the delay.

2. Dismissal and nonsuit ⬅71—Injury from delay in prosecution of suit may be shown or inferred.

Injury to a party by delay in prosecution may be actually shown, or may be inferred if the delay is great.

3. Courts ⬅374—State statute concerning dismissal for want of prosecution held test as to failure to prosecute (Code Civ. Proc. Cal. § 583).

Code Civ. Proc. Cal. § 583, permitting dismissal for failure to bring action to trial for two years after answer, and requiring dismissal within five years where time has not been extended, furnishes the chief test whereby the federal District Court will decide whether a case should be dismissed for want of prosecution.

In Admiralty. Suit by the United States Shipping Board Emergency Fleet Corporation against the Bank Line Transport & Trading Company. On motion by respondent to dismiss for want of prosecution. Granted.

George J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for libelant.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. This case comes before me on motion to dismiss under rule 76 of the General Rules of Pleading and Practice of this court. Rule 76 provides:

"Causes which have been pending in this court for more than one year without any proceedings having been taken therein during such year may be dismissed, as of course, for want of prosecution, by the court on its own motion, at a general calling of a calendar prepared for the purpose by the clerk. Such cases may also be dismissed for want

of prosecution at any time on motion by any party upon notice to the other parties."

[1] The libel (for demurrage on account of the steamship West Mahwah) in this case was filed on December 29, 1921. The answer was filed July 20, 1922, with exceptions to certain interrogatories attached to the libel. On August 5, 1922, these exceptions were heard and sustained. On August 27, 1923, the libel was amended by leave of court on hearing after motion. No further proceedings were had in the cause until October 11, 1927, when libelant served respondent with notice of its desire to place the cause for hearing on the November, 1927, term calendar. Respondent then interposed this motion to dismiss, alleging that the delay has prejudiced it because the president of the respondent corporation, an important witness in the cause, has died during the pendency of the action, and that others of respondent's witnesses, resident abroad, whose testimony would be essential, have become scattered.

Something over four years has elapsed since any proceeding has been taken in this action, and several months over five years since the cause became at issue. The amended libel, filed in 1923, did not change the issues, and had, and required, no additional answer. The sole change made was to substitute allegations that the United States was the owner of the steamship · West Mahwah, and that libelant operated the vessel by and through a certain corporation, instead of allegations that libelant itself was the owner of the vessel, operating it through said corporation.

In considering this motion it must be first noted that rule 76 covers two types of dismissals. The first part of the rule states:

"Causes which have been pending in this court for more than one year without any proceedings having been taken therein during such year may be dismissed, as of course, for want of prosecution, by the court on its own motion, at a general calling of a calendar prepared for the purpose by the clerk."

This is a calendar clearing rule. It is intended to clear out the dead wood from the court calendar with the greatest rapidity consonant with fairness. It is a rule which the conference of Senior Circuit Judges and the Chief Justice of the Supreme Court desire to have strictly enforced in order to relieve the congested condition of the federal courts. However, this does not necessitate automatic and absolutely final dismissal in every case in which nothing has been done for a year. Where it is made to appear, at the calling of the calendar or later, that the case is in fact alive, and that reasons for the apparent delay exist, the court may in its discretion hold the case on the calendar, or reinstate it if it has been dismissed. Equity rule 57 serves the same function.

The second part of rule 76 stands upon a different footing. It reads as follows:

"Such cases may also be dismissed for want of prosecution at any time on motion by any party upon notice to the other parties."

[2] The parties to litigation have a right to insist that that litigation be prosecuted with reasonable diligence. Failure on the part of the party upon whom rests the burden of going forward to bring about the determination of the cause within such reasonable time, to the prejudice of the other party, gives the party so injured a right to move for the dismissal of the cause. The injury caused by delay may be actually shown, or may be inferred from the lapse of time itself, if this be great. 2 Foster, Federal Practice, 1815; Willard v. Wood, 164 U. S. 502, 17 S. Ct. 176, 41 L. Ed. 531; Drees v. Waldron (C. C. A.) 218 F. 93; Bernays v. Frederic Leyland & Co., Ltd. (D. C.) 228 F. 913.

Respondent in the present case is proceeding under this portion of rule 76, asserting that libelant has failed to prosecute the action, and that the delay has prejudiced its rights, on account of the death of one witness and the dispersal of others.

[3] Rule 76 itself provides no definite period of time by which failure to prosecute may be measured. Section 583, Code Civ. Proc. Cal., provides:

"The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

This section has been frequently construed and applied by the state courts. It is held that the court should not dismiss a case for failure to prosecute within two years after it has been brought to issue, may dismiss such a case in the event of delay exceeding

two, but less than five, years, and must dismiss such action after five years, unless the time has been extended by written stipulation of the parties. 9 Cal. Juris. §§ 26–31, pp. 539–547.

This statute affords a persuasive analogy by which to determine such cases as the present one. It is not unreasonable to require the final determination of the cause within five years after issue is joined, unless the parties stipulate in writing for further extensions of time. The rights of the parties are further protected by permitting dismissals within a shorter period than five years upon a proper showing. In the present case, and in future cases of the same sort, the rules of C. C. P. Cal. § 583, will be applied as the chief test as to whether or not there has been a failure to prosecute the action.

In the present case the action has been at issue for over five years. Furthermore, respondent makes a showing of prejudice to its rights directly due to the lapse of time. The parties have not stipulated to extend the time in any way. The motion to dismiss will be granted.

So ordered.