**POLLITZER et al. v. JONES, District Judge.**

No. 5645.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1930.

Fay, Oberlin & Fay, of Cleveland, Ohio, and Allen & Allen, of Cincinnati, Ohio, for petitioners.

Hull, Brock & West, of Cleveland, Ohio, for respondent.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Equity Rule 57 provides, inter alia: "Continuances beyond the term by consent of parties shall be allowed, on condition only that a stipulation be signed by counsel for all the parties and that all costs incurred theretofore be paid. Thereupon an order shall be entered dropping the case from the trial calendar, *subject to reinstatement* within one year upon application to the court by either party, *in which event it shall be heard at the earliest convenient day.*" (Italics ours.) We are of the opinion that this does not necessarily require, although it permits, a continuance by consent of parties where the designated stipulation is filed. The court still retains discretionary power to refuse such continuance, and counsel in this case concede the existence of such power. The sole question for determination here,

then, is whether, having granted an application to drop the case from the trial calendar, albeit for the sixth consecutive time, the court was vested with a like discretion to refuse to reinstate it, upon application made within the year following the last continuance.

We are of the opinion that the language of the rule, "subject to reinstatement," bestows a right to reinstatement upon any party to the case, wholly independent of the wishes of other parties, which right is not subject to the discretion of the court. Just as any party may bar this particular type of continuance beyond term, by refusal to give his consent, so the court may, in the exercise of discretion, refuse such a continuance when application therefor is made, and thus force the case to trial. But the court having once granted the application, and the opposing party having formally consented thereto, neither is in a position to oppose application for reinstatement when duly made within the year.

We are not here and now concerned with what steps shall be taken, after reinstatement, to bring the case to trial "at the earliest convenient day;" nor with the power of the court to dismiss a case for want of prosecution, as in Facer Forged Steel, etc., Co. v. Carnegie Steel Co., 295 F. 134 (C. C. A. 3), and Welch v. Ruggles-Coles Engineering Co., 19 F.(2d) 288 (C. C. A. 2). In Carnegie Steel Co. v. Colorado Fuel & Iron Co., 14 F.(2d) 1 (C. C. A. 8), the parties had not acted under Rule 57, and the present question was not involved. Compare, also, United States Shipping Board Emergency Fleet Corp. v. Bank Line Transport & Trading Co., 22 F.(2d) 430 (D. C. Cal.). We are concerned only with the existence of a discretion to refuse reinstatement. The requirements that the case shall be subject to reinstatement, and that it then be heard at the earliest convenient day, appear to us to be so far mandatory as to negative the existence of the alleged discretion.

█ We pass without comment the contention of irregularity in reinstatement after the first continuance. If this question be not waived by failure to raise it at the time, it is at least foreclosed by the fact that the case was thereafter duly reinstated on four occasions. Maison Dorin, etc., v. Arnold, 16 F.(2d) 977 (C. C. A. 2).

In view of the foregoing expression of our views, it is assumed that no formal order will be required.