## CARNEGIE NAT. BANK v. CITY OF WOLF POINT et al.
### Nos. 1583, 1887.

District Court, D. Montana.
May 2, 1933.

Marron & Foor, of Wolf Point, Mont., for plaintiff.

Frank M. Catlin, of Wolf Point, Mont., and Hurd, Hall & McCabe, of Great Falls, Mont., and Charles Gordon, of Wolf Point, Mont., for defendants.

PRAY, District Judge.

The court has given consideration to the two suits of the Hanchett Bond Company, a corporation, against the city of Wolf Point and others, numbered 1583 and 1887, the reports of the special master, George G. Har-

ris, in both cases, arguments and briefs of counsel, the pleadings and evidence therein. That the special master is entitled to favorable mention is evidenced by the painstaking efforts disclosed by his reports.

■ The court should adopt the reports of the master unless it clearly appears that there are errors or mistakes that should be corrected. Certain questions have been raised to which the court will refer; aside from these, both reports will be approved and adopted as the findings and conclusions of the court.

■ In respect to interest on the funds shown as having been diverted and set out on page 12 of the master's report, and again referred to on pages 21 and 24, in case No. 1583, wherein he recommends judgment at 6 per cent. on the amounts given from the respective dates of diversion to those of repayment, counsel for the city claim that the record does not disclose any benefit to the city, and that during the period of diversion the bondholders of district No. 12 received the full amount of interest at 6 per cent., as provided in the contract between the district and the bondholders; that they are entitled to no more interest, and that there has never been any default in that respect, citing Rev. Codes Mont. 1921, § 5249; that this section is a part of the contract, citing State ex rel. Malott v. Board of County Com'rs of Cascade County, 89 Mont. 37, 296 P. 1. That "the general taxpayers of the city derived no benefit from money used to pay other special improvement bonds—apparently a mistake of the treasurer—or from mere book entries transferring on the city books from one fund to another without actual use or expenditure." That the bondholders have already received 6 per cent. as provided by contract, and that, if this further payment is required, they will be given 12 per cent. during the period of diversion shown in the master's report. The court does not agree with this contention. The restored fund, which had been diverted, with the interest thereon, should be applied in payment of the bonds, and the rate of interest should be controlled by the terms of the bond.

■ As to the question of interest payable after maturity, the Supreme Court of California held, in a case, hereinafter referred to (Meyer v. City & County of San Francisco, 150 Cal. 131, 88 P. 722, 10 L. R. A. (N. S.) 110), under facts similar to those present in this case, that interest cannot be collected after maturity. The bond in this case provides: "This bond bears interest at the rate of (6) six per cent per annum from the date of registration of this bond as expressed herein until the date called for redemption. The interest on this bond is payable annually on the first day of January in each year, unless paid previous thereto, and as expressed by the interest coupons hereto attached, which bear the facsimile signatures of the Mayor and Clerk. This bond is payable from the collection of a special tax or assessment, which is a lien against the real estate within said improvement district, as described in said resolution hereinbefore referred to. This bond is redeemable at the option of the city at any time there are funds to the credit of said Special Improvement District No. 12 Fund, for the redemption thereof, and in the manner provided for the redemption of the same, and is due and payable not later than January 1, 1929." That is to say, the bond bears interest at 6 per cent. from date of registration until the date called for redemption. This language would seem to indicate that the bonds are to bear interest at 6 per cent. until the date called for redemption, whether before or after maturity; it appears that the unpaid bonds in question are still drawing interest at 6 per cent. according to contract, since they have never been called for redemption and paid. It is true that some of the bonds in these suits were called for redemption some time after maturity, but it does not appear to have been a bona fide call, for the bonds were not redeemed. Such a notification to the bondholders amounted to nothing at all, and certainly was not the call for redemption intended by the language of the bond. It most assuredly was not intended that the obligor could call the bonds, refuse payment, and thereby stop the running of interest. The case cited by counsel for the city, to wit, Meyer v. City & County of San Francisco, 150 Cal. 131, 88 P. 722, 10 L. R. A. (N. S.) 110, relates to a bond containing a different wording; there the levy made for the payment of interest was to be applied only to the payment of the interest coupons, clearly indicating that no tax was to be levied except for interest represented by the interest coupons attached to the bond, and therefore could not be levied for interest after maturity; here the intent seems to be to pay interest until the bonds are paid, or called for redemption, as expressed therein. But of course, the interest would have to come from the particular fund mentioned, and would be according to the rate fixed by contract.

From the master's reports, the arguments of counsel, and the evidence, the court does not feel justified in adopting the totals of receipts and disbursements urged by counsel for the city. Except as herein modified, the reports of the special master are hereby approved as submitted to the court.