Carl SAMBER, Appellant,

v.

CHRIS BERG, INC., Appellee.

No. 451.

Supreme Court of Alaska.

July 17, 1964.

Warren A. Taylor, Taylor & Bullerwell, Fairbanks, for appellant.

Howard P. Staley, Rice & Staley, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellant commenced this action in the district magistrate court to recover $750 damages from appellee for the destruction of a boat. Neither appellant nor his counsel appeared in court at the time set for trial. The district magistrate heard evidence offered by appellee, found that appellee was not responsible for the destruction of appellant's boat, and entered a judgment which provided that appellant should take nothing by his complaint. On this appeal we are asked to set aside the judgment and remand the case for a new trial.

When one who commences a civil action fails to appear at the time set for trial, the court in its discretion may order dismissal of the action for failure to prosecute under Civil Rule 41(b).[1] Such a dismissal operates as an adjudication upon the merits, unless specified otherwise in the order of dismissal.[2] Here the magistrate did not in so many words say that

1. Levine v. Colgate-Palmolive Co., 283 F. 2d 532 (2d Cir. 1960), cert. denied, 365 U.S. 821, .81 S.Ct. 705, 5 L.Ed.2d 699 (1961); Esteva v. House of Seagram, Inc., 314 F.2d 827 (7th Cir. 1963), cert. denied, 375 U.S. 826, 84 S.Ct. 70, 11 L. Ed.2d 59 (1963); See Cunningham v. United States, 295 F.2d 535 (9th Cir. 1961).

2. Civ.R. 41(b).

appellant's action was dismissed. But by entering judgment in appellee's favor the magistrate in effect ordered a dismissal for failure to prosecute, for he disposed of appellant's claim on the merits without having heard appellant's side of the case. In this situation the question before us is whether the magistrate abused his discretion in ordering a dismissal and in later denying appellant's motion to reinstate the action.

■ We are not persuaded by the argument in appellant's brief, nor by our own review of the record, that there has been an abuse of discretion. There was a general call of the trial calendar for the magistrate court on March 15, 1961. At that time Mr. Thomas Balone appeared on behalf of appellant. He was a member of the bar and was then employed by attorneys Warren A. Taylor and Fred Crane, who practiced law together in Fairbanks under the firm name of Taylor & Crane. Mr. Balone suggested that this action be set for trial. This was done, and the trial date was set for April 10, 1961.

On April 10 appellee's counsel appeared in court with a witness who had traveled from Kotzebue to be in attendance at the trial. No appearance was made by appellant nor by anyone on his behalf. The magistrate was then for the first time informed that Mr. Balone had left his employment with Taylor & Crane, and that Mr. Crane had a case in the superior court at that time. Mr. Taylor was in Juneau attending to legislative duties and did not return to Fairbanks until April 15. No request for a continuance of the trial had been made.

In these circumstances the magistrate did not act arbitrarily in entering judgment for appellee. He had the right to expect that counsel for appellant would be present and ready for trial at the time set. When counsel did not appear, and no legitimate excuse for his absence was presented or was apparent, the magistrate was entitled to dismiss the action for failure to prosecute in order to give effect to his authority to control his calendar.

In support of his motion to vacate the judgment and reinstate the action, appellant's counsel, Mr. Taylor, contends that he was the only attorney of record authorized to appear on behalf of appellant, and since he was attending to legislative duties at the time set for trial it was improper for the magistrate to proceed to dispose of the action in his absence. Such an argument is untenable. The magistrate had never been advised that Mr. Taylor alone was appellant's counsel, and that no member or employee of Mr. Taylor's law firm was authorized to take any action on appellant's behalf. The magistrate had the right to assume that Mr. Balone had the authority to appear on behalf of appellant when he appeared in court on March 15, 1961 and suggested that a trial date for the case be set. A secret limitation on the authority of a member or associate or attorney-employee of a law firm to represent the interests of a client of a particular member of that firm will not be allowed to govern or limit the court's discretionary authority to control its calendar.

We conclude that the district magistrate did not abuse his discretion in entering the judgment for appellee and in denying appellant's motion to vacate the judgment and reinstate the action. The judgment is affirmed.