**CHAMPION OIL COMPANY, INC., an Alaskan Corporation, Appellant,**

v.

**Charles F. HERBERT, Commissioner, et al., Appellees.**

No. 2395.

Supreme Court of Alaska.

July 19, 1976.

F. T. Wetzel, Salt Lake City, Utah, and Ronald T. West, West & Wood, Anchorage, for appellant.

Thomas K. Williams, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellees.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

CONNOR, Justice.

This appeal arises from a procedural tangle concerning several of the Rules of Civil Procedure as they existed in 1972.[1]

Plaintiff Champion filed suit in 1969 to challenge defendant State of Alaska's rejection of its "$1.00 or more" bids on seven land tracts offered in the 23rd Competitive Oil and Gas Lease Sale. According to the record, no proceedings were taken in the case from December 10, 1970 until July 14, 1972. On the latter date, the state moved to dismiss for want of prosecution, and for summary judgment. Its supporting memorandum covered only the summary judgment motion, however. Various postponements occurred, apparently because Champion changed counsel and, in the case of one attorney who was a member of the legislature, because the legislature was then in session. On April 18, 1973, the state moved to schedule a hearing on its motions. On May 24th, it moved for a summary ruling under Civil Rule 77(e), on the grounds that Champion had not responded. Champion filed a list of "Question[s] of Fact," together with its memorandum opposing summary disposition and requesting a pretrial conference, on June 6th. The state noted its non-opposition to setting a pretrial conference. Attorney McVeigh also requested permission to withdraw as Champion's counsel-of-record. At the conference, on July 17, Judge Kalamarides granted the state's motion to dismiss "for failure to comply with Rule 77(e)," and recited that, "in addition to Rule 77(e), the court on its own motion, pursuant to Rule 41, has dismissed this case for failure to prosecute." McVeigh's request to withdraw was also granted.

Not quite one year later, on July 15, 1974, Champion refiled its complaint. Judge Singleton consolidated this case with the earlier action and entered an order of dismissal, reasoning that since the earlier dismissal did not indicate that it was "without prejudice", it operated as an adjudication on the merits under Civil Rule 41(b), which provides in relevant part:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . A dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party does not operate as an adjudication upon the merits. Any other dismissal not provided for in this rule and a dismissal under this subdivision operates as an adjudication upon the merits, unless the court in its order for dismissal otherwise specifies."

He gave Champion an extension of time in which to file a motion for relief from the 1973 dismissal, under Civil Rule 60(b), but Judge Burke denied this motion on March 27, 1975. Champion appeals from both Judge Singleton's refusal to allow refiling of the suit, and Judge Burke's refusal to reopen the case under Rule 60(b).

■ We agree with Champion that Judge Kalamarides' *sua sponte* dismissal in 1973 for over a year's inaction under Rule 41(e) was without prejudice. Rule 41(e) provides:

> *"Dismissal for Want of Prosecution.* Actions which have been pending in a court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court or on motion at a call of the calendar. Such cases may also be dismissed for want of prosecution at any time on motion of any party upon notice to other parties."

Although clearly within Rule 41, the *sua sponte* dismissal was not, of course, made pursuant to the motion of a party, and

1. Civil Rules 77 and 41(e) were both amended by orders effective March 1, 1976.

hence does not fall under Rule 41(b).[2] Thus, unless there is another indication by the judge, such dismissals are without prejudice under the language of Rule 41(b), which specifies that dismissals under this subdivision operate as an adjudication upon the merits unless the court in its order of dismissal otherwise specifies.

■ We now turn to the alternative grounds for dismissal. By virtue of the timely (under Rule 56) filing of its "Question of Fact", Champion clearly indicated that it did not intend to admit the motion for summary judgment was well taken. The record does not permit us to presume that Judge Kalamarides granted a Rule 77(e) summary dismissal based on the motion for summary judgment.

■ Although this dismissal was for want of prosecution pursuant to defendants' motion, we do not find that it falls under Civil Rule 41(b). It is not the same as granting a general motion for non-prosecution under Rule 41(b), but is instead an "automatic dismissal" after a year's inaction under Rule 41(e). As such, it is meant simply as a calendar clearing device. If plaintiffs are serious about their suits, they should be permitted to refile. Given the procedural confusion generated in cases such as the one at bar, we think the proper policy is to accord the serious litigant his day in court. Hence, such an automatic dismissal, under Alaska law, is deemed to fall under Rule 41(e) whether made pursuant to motion or not, and is therefore without prejudice unless the trial court otherwise specifies.

Thus we must reverse Judge Singleton's dismissal of the refiled complaint in this case. We do not reach the remainder of the issues urged by Champion in this appeal.

REVERSED.

BURKE, J., not participating.

BOOCHEVER, Chief Justice (concurring).

The fulcrum of this appeal is Judge Kalamarides' order of dismissal of July 17, 1973. If that dismissal was without prejudice, the subsequent dismissal of the refiled suit and denial of the motion for relief under Civil Rule 60(b) should be reversed. If, however, Judge Kalamarides' dismissal is to be regarded as a dismissal with prejudice, there was no right to refile the suit, and the superior court orders should be affirmed. The difficulty, as I see it, is that Judge Kalamarides' order was apparently based on dual grounds, one of which would result in the dismissal being with prejudice, and the other without prejudice. The judge granted the state's motion to dismiss for want of prosecution. That motion was made under Civil Rule 41(b). The rule specifies that "For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action . . . against him". The rule specifically provides that

> a dismissal under this subdivision operates as an adjudication upon the merits, unless the court in its order for dismissal otherwise specifies.

Since the dismissal under Rule 41(b) would be "a dismissal under this subdivision" and since the court in its order for dismissal did not specify otherwise, the order would thus operate as an adjudication upon the merits.

2. *See American Nat'l Bank & Trust Co. v. United States*, 79 U.S.App.D.C. 62, 142 F.2d 571, 572 (1944) ; *Carnegie Nat'l Bank v. City of Wolf Point*, 110 F.2d 569, 572 (9th Cir. 1940) ; *see generally* 5 J. Moore, Moore's Federal Practice ¶ 41.14[1], at 1173 (2d ed. 1948, 1976). As there is no Rule 41(e) in the Federal Rules, such a dismissal pursuant to local rule falls outside of Rule 41 altogether, and is with prejudice. There are dicta in three cases which could be interpreted as supporting *sua sponte* want of prosecution dismissals under the authority of, and not merely consistent with, Rule 41(b). *Samber v. Chris Berg, Inc.*, 394 P.2d 81 (Alaska 1964) ; *Kern v. Hettinger*, 303 F.2d 333, 339–40 (2d Cir. 1962) ; *Holcomb v. Holcomb*, 93 U.S.App.D.C. 242, 209 F.2d 794, 796–98 (1954). In light of the clear consideration of the earlier cases and that of Professor Moore, however, we adopt the view that such dismissals fall outside of Rule 41(b).

I do not understand the majority's statement that the dismissal for want of prosecution pursuant to defendant's motion does not fall under Rule 41(b). There was a motion filed for that purpose, and when no opposition was filed to that motion, Judge Kalamarides granted it under Civil Rule 77(e). Rule 77(e) at that time provided: "Failure to file a brief by the adverse party shall be deemed an admission that, in the opinion of counsel, the motion is well taken".

The difficulty with this case is that in the same order Judge Kalamarides, on his own motion, dismissed the case for failure to prosecute. Such a dismissal would be under Civil Rule 41(e), and I agree with the majority of the court that such a dismissal in the absence of any other indication by the judge is without prejudice. Thus, under the same order, there was a dismissal which normally would be regarded as with prejudice and a dismissal which would be considered to be without prejudice. The parties did not call this to the attention of the trial judge nor ask for clarification. Under these circumstances, I believe that the well-established policy in favor of having cases tried on their merits should prevail,[1] and for that reason, I concur in the court's decision to reverse the dismissal of the refiled complaint.

1. See, e. g., Lindsey v. Drs. Keenan, Andrews & Allred, 118 Mont. 312, 165 P.2d 804, 810 (1946); Rogers v. Lyle Adjustment Co., 70 N.M. 209, 372 P.2d 797, 800 (1962); Westring v. Cheyenne National Bank, 393 P.2d 119, 122 (Wyo.1964). Cf. Guard v. Benson, 438 P.2d 219, 223 (Alaska 1968); Sanuita v. Hedberg, 404 P.2d 647, 651 n. 10 (Alaska 1965).