ATLAS ENTERPRISES, INC., Appellant,

v.

CONSOLIDATED CONSTRUCTION COMPANY, Appellee.

No. 2982.

Supreme Court of Alaska.

Dec. 2, 1977.

---

C. R. Kennelly and Millard Ingraham, Kennelly, Azar & Edwards, Anchorage, for appellant.

H. Bixler Whiting, Whiting, Blanton & Rosie, Fairbanks, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

## OPINION

CONNOR, Justice.

This case concerns dismissal for want of prosecution under Civil Rule 41. It brings up for review a question not precisely covered in our opinion in *Champion Oil Company, Inc. v. Herbert,* 552 P.2d 670 (Alaska 1976). We are required, therefore, to interpret the provisions of Civil Rule 41(b) and (e), keeping in mind the interplay between those subsections as they relate to dismissals for want of prosecution.

I

In October 1973, Atlas filed a complaint for breach of contract against Consolidated, as Case No. 73–872. The breach allegedly occurred March 28, 1968. An answer and counterclaim, and an answer to the counterclaim, were filed. Thereafter, Consolidated noticed the deposition of Atlas personnel. The deposition was taken on February 1, 1974. Nothing further occurred, and on

September 2, 1975, the court gave notice that it would dismiss the case sua sponte under Rule 41(e) unless Atlas acted. Receiving no response, the court dismissed the case on November 18, 1975.

Atlas moved to reinstate on the ground of excusable neglect in failing to respond to the September 2 notice. The motion was granted on January 16, 1976.

On March 30, 1976, Consolidated moved for dismissal for want of prosecution, under Rule 41(e). While the motion was still pending, a pretrial conference was held on April 9, 1976. The court warned counsel that unless Atlas could show that something had been done in the previous five years to move the case along, it might dismiss the case. Atlas filed a memorandum, but it apparently did not persuade the court, which on April 30, 1976, dismissed the case pursuant to defendant's motion. Atlas noticed a timely appeal.

On September 2, 1976, Atlas refiled its complaint as Case No. 76–1378. Consolidated moved for judgment on the pleadings. The statute of limitations had by this time run, but Atlas, in its memorandum in opposition to the motion, cited AS 09.10.240, claiming that an action is not time-barred if brought within one year after a timely action on the same claim is dismissed without prejudice.[1] The motion for judgment on the pleadings was granted, the court holding that its dismissal of April 30, 1976, had been *with* prejudice. The court entered an order dismissing Case No. 76–1378 with prejudice on September 31, 1976. Atlas again appealed. The two appeals have been consolidated.

## II

In determining the question presented we must resort to Civil Rule 41(b) and (e). The relevant provisions are:

"(b) *Involuntary Dismissal—Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

(e) *Dismissal for Want of Prosecution.* Actions which have been pending in a court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The court shall review all pending cases at least semiannually, and in all cases in which no proceedings have been taken for more than one year, the court shall either (1) hold a call of the calendar or (2) send notice to the parties to show cause in writing why a dismissal of the action should not be ordered. If good cause to the contrary is not shown at a call of the calendar or within 33 days of the mailing of a notice to show cause in writing, the action shall be dismissed. The court may also dismiss such cases for want of prosecution at any time on motion of any party upon notice to other parties."

Rule 41(b) permits the defendant to move for dismissal for want of prosecution. Such a dismissal, it says, is an adjudication on the

---

1. We do not pass on that question in this appeal.

merits, *i. e., with* prejudice, unless the court specifies otherwise.[2]

Rule 41(e) permits dismissal of cases in which no action has been taken for more than one year, either sua sponte or on motion. It does not indicate whether such dismissals are with prejudice. In *Champion Oil Company v. Herbert, supra,* we hold that sua sponte dismissals under Rule 41(e) are without prejudice, unless the judge specifies to the contrary.[3]

■ Rule 41(b) is the counterpart of a federal rule of the same number; Rule 41(e) is not. Rule 41(b) requires a motion by the defendant and fixes no time period which is either prima facie or conclusive evidence of failure to prosecute.[4] Rule 41(e) is an additional calendar-clearing weapon for the court; it states that the court may dismiss "as of course," either sua sponte or on motion, when nothing has happened for more than one year. In *First National Bank of Fairbanks v. Taylor,* 488 P.2d 1026, 1032 (Alaska 1971), we held that the one year period must continue to and include the time when the motion is filed. Any affirmative action by the plaintiff starts the one year period running again.

■ We have never squarely considered whether a 41(e) dismissal *on motion* is with or without prejudice. Dictum in *Champion Oil* says that such a dismissal is without prejudice unless the trial court specifies otherwise. Rule 41(e) is principally a calendar-clearing device for the convenience of the courts, providing for automatic dismissal due to the lapse of time, without more. "If plaintiffs are serious about their suits, they should be permitted to refile." *Champion Oil, supra,* at 672.

Consolidated argues, without citation of authority, that all dismissals on motion are 41(b) dismissals and all sua sponte dismissals are under 41(e). Therefore, it asks that the dismissal motion it filed, quoting from Rule 41(e), be deemed to be under 41(b) and, therefore, with prejudice. This argument misreads Rule 41(e), and is inconsistent with what we said in *Champion Oil.* We are unpersuaded by Consolidated's argument.

■ We hold that the dismissal of November 18, 1975, was without prejudice.

■ The case was reinstated on January 16, 1976. While it is true that Atlas did not establish that it had done anything to move the case along after February 1, 1974, we find it significant that the calendar clerk notified counsel in January of 1976 that the case had been set for trial in July of that same year. It thus appears that the case would have been disposed of on the merits within a relatively short period of time. In addition, a scheduled pretrial conference was held on April 9, 1976. At that conference the court, understandably, was perturbed that counsel for Atlas was unable to demonstrate what had been done to move the case along. The conference terminated without any consideration of the usual matters taken up at such proceedings.

It appears to us that once the case was reinstated and was set for pretrial conference and trial, it should not have been dismissed. It is quite possible that Atlas was willing to go to trial without having engaged in discovery efforts itself. Certainly that and similar questions could have been determined at the pretrial conference.

In the circumstances, we hold that the complaint should not have been dismissed on April 30, 1976. We reverse and remand with directions to reinstate the complaint.

**2.** Since the proceedings in the trial court, Rule 41(b) has been amended in a manner not here relevant.

**3.** In federal courts, sua sponte dismissals for want of prosecution, like dismissals on motion, are *with* prejudice unless specified otherwise. *See* authorities cited in *Champion Oil Co. v. Herbert, supra,* at 672 n. 2.

**4.** In federal practice, the mere lapse of a certain amount of time does not justify dismissal under Rule 41(b) if the plaintiff can demonstrate that he has not been lacking in diligence. A showing that a certain period of time has elapsed without any action on plaintiff's part is neither necessary, nor sufficient, for a 41(b) dismissal. 5 Moore's Federal Practice ¶ 41.11[2] at 41–125 through 41–127 (2d ed.) and cases cited therein.

It follows that Atlas properly refiled its complaint on September 2, 1976, and it was error to dismiss the complaint.

REVERSED and REMANDED.