81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric J. HOLDEN, Plaintiff-Appellant,
v.
STATE OF ALASKA, Department of Corrections; Fraunk Sauser,
Superintendent of Hiland Mountain Corrections
Center, Defendants-Appellees.
 No. 95-35148.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Holden, an Alaska state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging Eighth Amendment violations arising from his exposure to asbestos while incarcerated. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "We review for abuse of discretion the district court's dismissal pursuant to [28 U.S.C. § 1915(d) ]." Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam) (citing Denton v. Hernandez, 504 U.S. 25, 31-33 (1992)). "The law is well-settled that 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.' " Pension Trust Fund v. Triple A Mach. Shop, 942 F.2d 1457, 1460 (9th Cir.1991) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85 (1984)).
 
 
 4
 Here, the district court dismissed Holden's complaint based on res judicata because Holden's state-court action alleging similar Eighth Amendment violations had been dismissed with prejudice for failure to prosecute. Under Alaska law, a dismissal with prejudice for failure to prosecute on the motion of a party operates as a judgment on the merits. See Alaska Civ.R. 41(e); Champion Oil Co., Inc. v. Herbert, 552 P.2d 670, 672 (Alaska 1976); Samber v. Berg, Inc., 394 P.2d 81, 81 (Alaska 1964). A judgment on the merits has preclusive effect under Alaska law. See Calhoun v. State, 857 P.2d 1191, 1193 (Alaska 1993).
 
 
 5
 Accordingly, the district court properly dismissed Holden's action on the ground that it was precluded by his prior state court action. See Pension Trust Fund, 942 F.2d at 1460.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Holden's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3