IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KACEN CLAYTON, a minor, by and through his natural mother,
MEGHAN SHERMAN, *Petitioner*,

*v.*

THE HONORABLE LAWRENCE C. KENWORTHY, Judge of the
SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County
of YUMA, *Respondent Judge,*

ASSOCIATES FOR WOMEN'S HEALTH, an Arizona corporation;
SURENDHER LOKAREDDY M.D., P.C., an Arizona corporation;
SURENDHER LOKAREDDY, M.D. and JANE DOE LOKAREDDY,
husband and wife; ANNETTE CASEY, C.N.M and JOHN DOE CASEY,
husband and wife; YUMA REGIONAL MEDICAL CENTER, *Real Parties
in Interest.*

No. 1 CA-SA 20-0086
FILED 9-15-2020

Appeal from the Superior Court in Yuma County
No. S1400CV201800818
The Honorable Lawrence C. Kenworthy, Judge

**JURISDICTION ACCEPTED AND RELIEF GRANTED**

COUNSEL

Miller Kory Rowe LLP, Phoenix
By Teri M. Rowe, Jeffrey Boyd Miller
*Counsel for Petitioners*

Jones, Skelton & Hochuli PLC, Phoenix
By Stephen A. Bullington, Cory E. Tyszka, Eileen Dennis GilBride
*Counsel for Real Parties Association et al.*

Slattery Petersen PLLC, Phoenix
By Jill M. Covington
*Counsel for Real Party Yuma Regional*

––––––––––––––––––––––––

## OPINION

Judge Randall M. Howe delivered the opinion of the Court, in which Judge Paul J. McMurdie and Chief Judge Peter B. Swann joined.

––––––––––––––––––––––––

**H O W E**, Judge:

**¶1**       In this special action proceeding, Kacen Clayton challenges the respondent trial judge's order that he undergo an unrecorded neuropsychological examination, arguing that the respondent judge incorrectly applied Arizona Rule of Civil Procedure ("Rule") 35.

**¶2**       Special action jurisdiction is appropriate here because Clayton has "no equally plain, speedy, and adequate remedy by appeal[.]" Ariz. R. P. Spec. Act. 1(a). Once the examination occurs, the issue will be moot for appeal. Special action jurisdiction is appropriate also because "the issue involves the interpretation or application of civil procedure rules" and the respondent judge's alleged abuse of discretion concerns "a pure issue of law that may be decided without further factual inquiry." *Green v. Nygaard*, 213 Ariz. 460, 462 ¶ 6 (App. 2006). We therefore accept special action jurisdiction and grant relief. We hold that Rule 35 does not give the court discretion to bar recording an examination upon a party's request.

## FACTS AND PROCEDURAL HISTORY

**¶3**       Meghan Sherman ("Mother") is the mother of six-year-old Kacen Clayton, who suffers from significant disabilities, including bilateral hearing loss and cerebral palsy. Clayton, by and through his Mother, sued his doctors and the hospital ("Defendants") for medical malpractice, alleging that they had negligently delivered him and caused his disabilities.

**¶4**       Defendants requested a Rule 35 neuropsychological examination of Clayton to determine his current and future cognitive abilities. Mother agreed to the examination on the condition that she be

2

present to observe the examination through one-way glass or have the examination video-recorded through a small recording device. Defendants objected to any form of observation or recording, arguing that the physical or electronic presence of an involved third party would interfere with the examination.

¶5        Defendants supported their objection with a declaration of the intended examining neuropsychologist. The neuropsychologist stated that having the examination recorded or having a third-party observer present would jeopardize its integrity. He asserted that obtaining a true understanding of Clayton's cognitive abilities required administering neuropsychological tests "as they were standardized, which is in a one-on-one setting." He added that neuropsychological measures have been developed and standardized without third-party observers or recording devices and that deviations from standardized administration of such measures have been found to "alter and impact the scientific reliability of the assessment process[.]" Defendants also presented position papers from the National Academy of Neuropsychology and the American Academy of Clinical Neuropsychology advising psychologists to decline to have either third party or recording devices present during a psychological examination because they can be a significant distraction and can raise test security considerations.

¶6        After briefing and argument, the court denied Clayton's request to have Mother observe the examination through one-way glass, finding that her presence could adversely affect the examination's outcome because it could cause distraction, influence Clayton's responses, and hinder rapport between the child and examiner. For the same reasons, the court found that recording the examination could also adversely affect the examination.

¶7        The court noted that on a showing that the recording may adversely affect the examination's outcome, Rule 35(c)(2)(A) permits the court to "limit the recording, using the least restrictive means possible." The court interpreted the language "may limit the recording" to give it discretion to prohibit recording and "having no recording at all." The court then denied the request to record the examination and ordered Clayton to undergo an unrecorded examination. This special action followed.

## DISCUSSION

¶8        The trial court has broad discretion in ruling on discovery matters, and we will not disturb its ruling absent an abuse of discretion.

*Am. Family Mut. Ins. Co. v. Grant*, 222 Ariz. 507, 511 ¶ 11 (App. 2009). Nevertheless, we review de novo the interpretation and application of the Arizona Rules of Civil Procedure. *See Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012). In interpreting a rule, our goal is to effectuate the drafters' intent, and the rule's plain language is the best indicator of that intent. *Alejandro v. Harrison*, 223 Ariz. 21, 23–24 ¶ 8 (App. 2009). When the rule is clear and unambiguous, we apply it as written without further analysis. *Poulson v. Ofack*, 220 Ariz. 294, 297 ¶ 8 (App. 2009).

**¶9** Rule 35(a)(1) allows a court, upon motion for good cause, to order a physical or mental examination of a party "whose physical or mental condition is in controversy." Rule 35(c)(1) provides that the person being examined has the right to have a representative present "[u]nless his or her presence may adversely affect the examination's outcome." And regardless whether a representative is present, Rule 35(c)(2)(A) gives any party the right to audio-record or video-record the examination. If a party shows that the recording "may adversely affect the examination's outcome, the court may limit the recording, using the least restrictive means possible." *Id.*

**¶10** Although Mother urged in the trial court that she should be present during the examination, or at least be allowed to observe the examination behind one-way glass, the trial court had briefing and argument on the issue and determined that her presence, even behind one-way glass, would adversely affect the examination. She does not repeat this argument in her petition for special action, and in any event, we could not find that the court abused its discretion because the court heard evidence supporting its ruling.

**¶11** She does argue, however, that the trial court abused its discretion by completely prohibiting the recording of the examination. We agree. The first part of Rule 35(c)(2)(A) gives the examinee the right to have the examination recorded. The second part then grants the court the power to "*limit*" the recording "using the least restrictive means possible[,]" not to prohibit it. Had the drafters intended the court's power to be absolute, they would have expressly said so. As such, the authority to "limit" the recording does not empower the court to prohibit recording completely. The trial court thus erred in ordering Clayton to undergo an unrecorded examination.

**¶12** Defendants argue, that the first clause of Rule 35(c)(2)(A) grants the trial court the right to prohibit recording the examination, maintaining that the permissive "may" language suggests that an examinee

also "may not" record when the court finds that doing so would be detrimental. But that part of the rule unambiguously creates a right for the examinee to have his or her examination recorded. This argument therefore fails.

## CONCLUSION

¶13 For the foregoing reasons, we accept jurisdiction, grant relief, and remand for proceedings consistent with this opinion. On remand, the trial court shall exercise its discretion and decide the least restrictive means to limit the adverse effects of recording Clayton's neuropsychological examination.



AMY M. WOOD • Clerk of the Court
FILED:    AA