IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

SABRINA L. SANCHEZ, et al., *Plaintiff/Appellant*,

*v.*

TYSON SHAWCROFT, et al., *Defendant/Appellee*.

No. 1 CA-CV 24-0398
No. 1 CA-CV 25-0169
(CONSOLIDATED)

FILED 12-18-2025

Appeal from the Superior Court in Maricopa County
No. CV2020-010393
No. CV2024-008714
The Honorable Jennifer C. Ryan-Touhill, Judge

**REVERSED AND REMANDED**

COUNSEL

The Brill Law Firm, Scottsdale
By Daniel S. Brill
*Counsel for Plaintiff/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By Joseph J. Popolizio, Daniel Shudlick, Ashley E. Caballero-Daltrey
*Counsel for Defendant/Appellee*

---

## OPINION

Judge Andrew M. Jacobs delivered the opinion of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

---

**J A C O B S**, Judge:

¶1        Plaintiffs Sabrina Sanchez and her four children (collectively "Sanchez") won a $36,904.50 award against Tyson Shawcroft in a compulsory arbitration case in September 2021.  For two years, both sides' lawyers failed to seek entry of judgment, despite Arizona Rule of Civil Procedure ("Rule") 76(d) requiring them to do so within 30 days of a December 2021 notice from the court.  The court also failed to dismiss the suit without prejudice, as Rule 76(d) directed it to after that 30-day period if there was neither a judgment nor an appeal.  With the case still open in December 2023, Sanchez filed for judgment, and Shawcroft failed to object.  The court then entered judgment on the arbitration award, as A.R.S. § 12-133 requires.

¶2        Many difficulties ensued.  Shawcroft persuaded the court to set aside Sanchez's judgment and dismiss her suit.  He argued that because Rule 76(d) required the court to dismiss the suit without prejudice 30 days after the December 2021 notice, the court then lost the power to enter judgment for Sanchez based on the arbitration award.  He also argued Sanchez failed to prosecute her case.  The dismissal led Sanchez to refile her suit, the court to dismiss it again, and to appeals from both dismissals.

¶3        The bottom line is this:  Rule 76(d) isn't jurisdictional or self-executing, and did not operate automatically to terminate Sanchez's suit, as Shawcroft would have it.  The court still had jurisdiction and the power to enter judgment for Sanchez, and erred by vacating its judgment.  We thus reverse and direct the re-entry of judgment for Sanchez.

### FACTS AND PROCEDURAL HISTORY

A.        **Sanchez and Shawcroft Arbitrate Their Dispute and the Arbitrator Enters a Final Award for Sanchez.**

¶4        In September 2019, Glendale Police Officer Tyson Shawcroft caused an auto accident injuring Sabrina Sanchez and four minor children. Sanchez and the minors sued Shawcroft, the City of Glendale, and Glendale Police.  Given the amount in controversy, the suit was subject to

2

compulsory arbitration under A.R.S. § 12-133, so the parties arbitrated. On September 29, 2021, the arbitrator filed a notice of decision in Sanchez's favor with the superior court. On October 20, 2021, the arbitrator filed her final award with the superior court. The award entitled Sanchez to $36,904.50 – $28,443.50 for her, $2,116.40 each for two of her children, and $2,114.10 each for her other two children. Around this time, the parties also discussed settling the case – Sanchez wanting more money, and Shawcroft wanting to pay the award amount without entry of judgment – but never reached agreement.

### B. Neither Party Requests Judgment, and While the Court Gives Notice It Will Dismiss the Case, It Fails to Do So.

¶5 The parties had twenty days to appeal the filed arbitration award to the superior court (until November 9, 2021). Ariz. R. Civ. P. 77(b). Neither party appealed. The parties had 90 days from the filing of the notice of decision to move to enter judgment on the award (until December 28, 2021). Ariz. R. Civ. P. 76(d) (2017).[1] Neither party did so. If no party moved for judgment by the end of that 90 days (by December 28, 2021), Rule 76(d) required the superior court to then issue a notice to the parties that they had 30 days in which to move to enter judgment, or the case would be dismissed without prejudice. Ariz. R. Civ. P. 76(d) (2017).

¶6 On December 8, 2021, the clerk of the superior court issued an intended Rule 76(d) notice that was wrong in two ways: it was premature and incorrectly worded. Rather than issuing on December 28, 2021, and allowing the parties 30 further days (until January 27, 2022) to move for entry of judgment, the clerk's notice issued on December 8, 2021 and told the parties they had 30 days from its issuance (until January 7, 2022) to move to enter judgment, or the case would be dismissed. The notice also incorrectly warned the action would be "dismissed" and not "dismissed without prejudice," as Rule 76(d) requires it to say. For the next two years, neither party sought judgment, and the court did not dismiss the case.

---

[1] This period changed from 90 to 125 days on January 1, 2024. Ariz. Sup. Ct. Order on Petition R-23-0022 (Aug. 24, 2023), https://rulesforum.azcourts.gov/Rules-Forum/aft/1410.

**C.** **In January 2024, the Superior Court Enters Judgment for Sanchez, Prompting Shawcroft to Move to Set the Judgment Aside and to Dismiss the Entire Case.**

**¶7**     In November 2023, Sanchez's counsel e-mailed Shawcroft's counsel asking for payment, claiming he understood the parties had agreed in 2021 to treat the matter as a settlement.  Sanchez also filed a notice of settlement.  Shawcroft responded that the parties had not settled and told Sanchez to "[p]lease go ahead and file for judgment."

**¶8**     On December 4, 2023, Sanchez did just that.  She lodged a proposed judgment for $36,904.50, "request[ing] that judgment be entered pursuant to the Arbitration Award entered on October 20, 2021."  On December 13, 2023, in a Minute Entry referencing the court's review of Sanchez's Notice of Settlement, the court ordered that unless the parties submitted a stipulated judgment or a stipulation for dismissal, it would dismiss the case on February 5, 2024.  Meanwhile, Shawcroft failed to object to Sanchez's proposed judgment, which the court then entered.

**¶9**     Shawcroft moved the court to set aside the judgment under Rule 59, to dismiss the case under Rule 76, and to sanction Sanchez under A.R.S. § 12-349 for filing the notice of settlement and the proposed judgment.  He argued Rule 76(d) required the court to dismiss the case "30 days after the Court's December 8, 2021, Notice," and likewise in January 2024.  Shawcroft's motion did not request dismissal for failure to prosecute under Rule 41(b).

**¶10**     Sanchez opposed Shawcroft's motion, arguing:  the case was never properly dismissed and the court properly entered judgment; her counsel had understood from correspondence in 2021 that the matter would be processed informally as a settlement; and dismissal would be a waste of judicial resources because Sanchez could simply refile the same claims under A.R.S. § 12-504 and A.R.S. § 12-502 because a Rule 76(d) dismissal would necessarily be without prejudice and four of the five plaintiffs were minors.

**¶11**     Shawcroft's reply repeated his arguments that the court lacked the power after January 7, 2022 to do anything other than dismiss the case.  Shawcroft's reply argued for the first time for dismissal for want of prosecution, and for barring Sanchez from pursuing her case after dismissal. Despite telling Sanchez to "go ahead and file for judgment" four days before she did, Shawcroft called "Plaintiffs['] attempt to [secure a true judgment] almost two years late[]" both "untimely and an astounding

4

failure to prosecute their case." Without mentioning Rule 41(b), Shawcroft argued that Sanchez's "failure to prosecute" meant her claims would not be saved by A.R.S. § 12-504 and that "any refiling under A.R.S. § 12-502 would be precluded."

### D. The Superior Court Sets Aside the Judgment and Dismisses the Case, Both Without Prejudice Under Rule 76(d) and for Want of Prosecution Under Rule 41(b).

¶12 In April 2024 the court set aside the judgment and dismissed the case. At oral argument on the motion to dismiss, the court agreed with Shawcroft that under Rule 76(d), it was divested of power to do anything other than dismiss the case without prejudice. The court, however, told Sanchez she was entitled to refile her case, and she did so immediately.

¶13 Shawcroft lodged a proposed order of dismissal under which the first suit would be dismissed "pursuant to Rule 76(d), Ariz. R. Civ. P., A.R.S. § 12-133, and Rule 41(b) Ariz. R. Civ. P." The court ordered that "Plaintiffs' action is dismissed without prejudice pursuant [to] Rule 76(d), Ariz. R. Civ. P. and Rule 41(b), Ariz. R. Civ. P."

### E. Sanchez's Many Efforts to Attack the Judgment Fail and Result in Sanctions Against Her.

¶14 Sanchez sought relief from the judgment in several ways. She moved for relief from the judgment under Rules 59(a) and 60(b) without success. She appealed the judgment in the first suit while litigating the second suit. This Court stayed her appeal from the first judgment while waiting to see if the superior court allowed her second suit to be heard on the merits. It didn't, dismissing the second suit as well. Meanwhile, the superior court awarded Shawcroft $4,400.45 of sanctions against Sanchez for her Rule 60(b) motion in the first suit. The court also awarded Shawcroft $26,566.50 of sanctions against Sanchez in the second suit for creating a "procedural quagmire" requiring Shawcroft to litigate on multiple fronts.

¶15 Sanchez timely appealed the dismissals of both suits, and we consolidated her appeals. We have jurisdiction. A.R.S. § 12-2101(A)(1); Ariz. Const. art. 6, § 9.

### DISCUSSION

¶16 We review the superior court's decision to vacate its judgment under Rule 59 for abuse of discretion. *State Farm Fire and Cas. Co. v. Brown*, 183 Ariz. 518, 521 (App. 1995). But an error of law is an abuse of

discretion. *State v. Johnson*, 247 Ariz. 166, 194 ¶ 93 (2019); *State v. Tyau*, 250 Ariz. 659, 662 ¶ 5 (App. 2021). And we review the superior court's interpretations of Rules 76(d) and 41(b) *de novo*, because they present questions of law. *Spring v. Bradford*, 243 Ariz. 167, 170 ¶ 11 (2017); *Clayton by and through Sherman v. Kenworthy in and for Cnty. of Yuma*, 250 Ariz. 65, 67 ¶ 8 (App. 2020).

## I.     The Superior Court Properly Entered Judgment in the First Suit.

**¶17**        The superior court properly entered judgment for Sanchez on the terms of the arbitration award in January 2024.

**¶18**        *First*, the statute establishing the compulsory arbitration program calls for the courts to enter arbitration awards as judgments. A.R.S. § 12-133(E) (requiring "the court . . . [to] enter the award in its record of judgments."). The court did just that in January 2024.

**¶19**        *Second,* Sanchez complied with Rule 58(a) by submitting a form of judgment on the terms of the arbitration award on December 4, 2023. Shawcroft failed to object to the entry of judgment. And notably, on November 30, 2023, Shawcroft asked Sanchez to "[p]lease go ahead and file for judgment." Judgment on these facts was manifestly proper.

**¶20**        Shawcroft persuaded the court to vacate the judgment based on his theory that Rule 76(d) required the dismissal of the matter without prejudice at all times after January 7, 2022, so Sanchez failed to prosecute her claim. The result Shawcroft obtained rested on a misunderstanding of Rule 76(d), as we next explain.

## II.    The Superior Court Erred By Vacating the Judgment Based on Shawcroft's Incorrect Theory of Rule 76(d).

**¶21**         As in the superior court, Shawcroft argues: Rule 76(d)'s mandatory language required the superior court to dismiss the case in January 2022; the rule is jurisdictional; the rule is self-executing; and Sanchez failed to prosecute her case by not seeking judgment within thirty days, justifying a dismissal that was functionally with prejudice. These arguments all fail, as we next explain.

**A.** **Rule 76(d) Requires Dismissal Without Prejudice Where, as Here, the Parties Fail to Seek Judgment Timely, Making Clear That Failure Does Not Extinguish Their Claims.**

**¶22** The plain text of Rule 76(d) controls this appeal. *See Clayton*, 250 Ariz. at 68 ¶ 8 ("In interpreting a rule [of civil procedure], our goal is to effectuate the drafters' intent, and the rule's plain language is the best indicator of that intent. When the rule is clear and unambiguous, we apply it as written without further analysis.") (citation omitted).

**¶23** Rule 76(d) sets out the post-hearing procedures for judgments in superior court cases subject to compulsory arbitration. When no party appeals the arbitration award or applies for a judgment, Rule 76(d) directs the court to dismiss the case "without prejudice." Ariz. R. Civ. P. 76(d).

**¶24** Before 2017, Shawcroft would have had a point. Rule 76(d) then required "dismissal" when no one requested judgment, thus leaving ambiguous whether it meant dismissal with prejudice, barring a refiling, or without prejudice, allowing refiling. *See Jackson White, PC, v. Dos Land Holdings, LLC*, No. CV2012-091011, 2016 WL 966812, at *4 ¶ 16 (App. 2016) (analogizing dismissal for failure to comply with Rule 76(d) to failure to prosecute under Rule 41(b) and concluding action should be dismissed with prejudice); *Sw. Barricades, LLC v. Traffic Mgmt., Inc.*, 240 Ariz. 139, 142 ¶ 17 n.3 (App. 2016) (recognizing open question: "If the case is dismissed under Rule 76(d), should the dismissal be with prejudice or without prejudice?").

**¶25** But the Arizona Supreme Court resolved this ambiguity when it amended Rule 76(d) in 2017. Since then, Rule 76(d) has provided that where no party appeals the arbitrator's decision or requests judgment within the required time, "the court must dismiss the action *without prejudice*." Ariz. R. Civ. P. 76(d) (emphasis added). This rule change means parties may refile their dismissed cases. A dismissal "without prejudice" is not a judgment on the merits and does not preclude a subsequent action. *Adams v. Bear*, 87 Ariz. 172, 175-76 (1960) ("It is a general rule that dismissals 'without prejudice' indicate that such judgment or dismissals affect no right or remedy of the parties and that there has been no decision of the case upon the merits."); *Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 108 ¶ 13 (App. 2007) ("A dismissal without prejudice . . . is not an adjudication on the merits and does not bar a second action under the doctrine of claim preclusion."). Thus, while Shawcroft was right that Rule 76(d) required the court to dismiss the case, Sanchez was right that Rule 76(d) also required the superior court to let her refile it afterward – not

terminate it with prejudice. *See Clayton,* 250 Ariz. at 68 ¶ 8 (requiring courts to follow clear and unambiguous language in their rules).

### B. Rule 76(d) Is Not Self-Executing, as Shawcroft Suggests.

**¶26** Shawcroft argues Rule 76(d)'s "provisions are automatic and mandatory" and so "the action ended even without a formal, signed order," rendering Sanchez's judgment void, and requiring it be vacated. Shawcroft is wrong – Rule 76(d) is not self-executing.

**¶27** The rule requires the superior court to act affirmatively, either to enter a final judgment or to dismiss a case without prejudice. *See Phillips v. Garcia,* 237 Ariz. 407, 412 ¶ 16 (App. 2015) ("[W]e conclude that entry of a true judgment [under Rule 76] requires an affirmative act by the court."); *cf. Campbell v. Deddens,* 93 Ariz. 247, 250 (1963) (holding predecessor to present Rule 38.1, which governs dismissal of cases on the dismissal calendar, "is not self-executing"). Here, it did neither. The court's failure to act affirmatively meant the case remained open – the rule's existence on the books did not end the case without court action.

**¶28** Nor was the court divested of its jurisdiction by its failure to enforce the rule. *See State v. Jackson,* 184 Ariz. 296, 300 (App. 1995) ("[A] time limit is not necessarily 'jurisdictional' or substantive even if failure to comply with it results in dismissal of a claim.") (citation omitted). As we wrote in *Jackson,* "[a] procedural rule does not become substantive or 'jurisdictional' merely because the sanctions available for violation of the rule affect the viability of a claim." *Id.* And as we explained in Paragraphs 22-25, *supra,* Rule 76(d) doesn't even "affect the viability of a claim" insomuch as it cannot extinguish a claim. *Id.* At most, it requires refiling a claim.

**¶29** Contrary to Shawcroft's argument that the rule is jurisdictional, the superior court's jurisdiction here was conferred by statute. *Shinn v. Arizona Bd. of Exec. Clemency,* 254 Ariz. 255, 263 ¶ 33 (2022) ("[A] court does not forfeit subject matter jurisdiction by violating a procedural rule because subject matter jurisdiction is conferred exclusively by the Arizona constitution or the Arizona Revised Statutes."). Here, the legislature granted the superior court jurisdiction to enter the judgment Sanchez requested under A.R.S. § 12-123, as read alongside A.R.S. § 12-133, which directed the courts to establish an arbitration program. True, both parties failed to meet Rule 76(d)'s deadline and the court failed to enforce the deadline. But the case remained open and, unless and until the court that had jurisdiction over the case dismissed it (which didn't happen),

Sanchez could still request judgment on the terms of the award as A.R.S. § 12-133 provides.

¶30            Far from being jurisdictional, Rule 76(d) is best understood as a claims-processing rule. *See Dolan v. United States*, 560 U.S. 605, 610 (2010) (explaining that claims-processing rules "do not limit a court's jurisdiction, but rather regulate the timing of motions or claims brought before the court."). These rules "regulate the timing of motions or claims brought before the court" by creating deadlines with attendant protections or consequences for the parties. *Id.* Rule 76(d) regulates the timing of a motion to enter final judgment on an arbitration award. Ariz. R. Civ. P. 76(d). Rule 76(d) also attaches a protection (or consequence) to that deadline: if the parties fail to move to enter final judgment "the court must dismiss the action without prejudice." *Id.* But crucially, "[u]nless a party points out to the court that another litigant has missed such a deadline, the party forfeits the deadline's protection." *Dolan*, 560 U.S. at 610. Just so, here.

### C.    The Superior Court's Invocation of Rule 41(b) in its Dismissal Order Did Not Justify Functionally Dismissing Sanchez's Claims With Prejudice.

¶31            Shawcroft offers another path around the validity of the judgment for Sanchez. He argues the court correctly granted his motion to set aside the judgment because the court properly dismissed Sanchez's first action under both Rules 76(d) and 41(b), thus making the dismissal one for lack of prosecution, allowing it to later operate (as it did after Sanchez refiled her suit, as Rule 76(d) allows) as a dismissal with prejudice. This logic fails, for two reasons.

¶32            *First*, unless a dismissal order states otherwise, "a dismissal under . . . Rule 41(b) . . . operates as an adjudication on the merits." Ariz. R. Civ. P. 41(b). The dismissal order doesn't expressly state that it does not operate as an adjudication on the merits, so let us first assume it did. The record tends to support this reading of the order, because in the second suit, the superior court and Shawcroft both treated the dismissal as one on the merits, as Shawcroft does in this court. If Shawcroft is right that the first action was dismissed on the merits, then we must reverse that dismissal, because "an 'adjudication on the merits' is simply the opposite of a 'dismissal without prejudice' under Rule 41(a))." *Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 255 Ariz. 95, 102 ¶ 24 (2023). Put another way, the dismissal couldn't simultaneously be with prejudice, as Shawcroft later persuaded the superior court to treat it, yet without prejudice, as Rule 76(d) requires. *See id.*

9

¶33        *Second,* there is another way to read the order dismissing the first action – and it is likewise fatal to Shawcroft's position. As we noted, under Rule 41(b), "[u]nless the dismissal order states otherwise," a Rule 41(b) dismissal is on the merits, and thus with prejudice. *See* Ariz. R. Civ. P. 41(b). One could read the specification in the dismissal order that the dismissal was pursuant to Rule 76(d) to "state[] otherwise" – that it means the dismissal is "without prejudice," as that rule expressly requires. And as Rule 41(b) allows, if a "dismissal order states otherwise" it does not "operate[] as an adjudication on the merits." Either way, to the extent the superior court vacated the judgment in a manner precluding the refiling of Sanchez's claim, it erred as a matter of law.

**D.        Shawcroft's Argument That the Superior Court Did Not Err in Vacating the Judgment, Given Sanchez's Prior Failure to Seek Judgment, Fails on This Record.**

¶34        Shawcroft answers that we should affirm because the first matter was dismissed for lack of prosecution, and Sanchez waited two years before requesting judgment. *See Passmore v. McCarver*, 242 Ariz. 288, 292 ¶ 9 (App. 2017) ("The superior court has discretion to dismiss cases that are not diligently prosecuted.") (citing Ariz. R. Civ. P. 41(b)). These arguments fail for additional reasons specific to the posture of this case.

¶35        *First*, Sanchez got the case to judgment without any objection from Shawcroft *before* the later dismissal for not prosecuting it. By definition, obtaining judgment after winning an arbitration is not a failure to prosecute the case, as there is nothing left to do in a lawsuit after judgment. *See* Ariz. R. Civ. P. 58. By the time Shawcroft raised failure to prosecute, his objection was invalid as a matter of law – Sanchez was done prosecuting her case.

¶36        *Second,* the superior court itself was a but-for cause of the long delay in resolving this case. Had it complied with Rule 76(d)'s command that it dismiss the case without prejudice between January 2022 and December 2023, Sanchez could have moved to reinstate it and secured judgment at any later time. Instead, it was Sanchez who woke up before the court or Shawcroft and requested judgment in December 2023.

¶37        *Third*, Shawcroft should not be heard to argue otherwise. Shawcroft didn't object to the entry of judgment against him, waiting until after judgment to complain the filed judgment was ill-founded. And his nondiligence didn't begin there. Rule 76(d) invites all parties equally to appeal or to seek entry of judgment, as defendants sometimes do. Ariz. R.

Civ. P. 76(d). Shawcroft didn't do that either. And when Sanchez's counsel wrote in November 2023 that he thought the case settled, Shawcroft's counsel *actually invited Sanchez to request judgment on the terms of the arbitration* – writing in November 2023 to "[p]lease go ahead and file for judgment," which Sanchez did. None of Shawcroft's litigation conduct before judgment is compatible with the draconian relief from the arbitration loss Shawcroft then sought – or with Shawcroft's after-the-fact argument that the superior court lacked the power to enter the judgment he invited in writing in November 2023.

¶38 Through all of that conduct, Shawcroft waived his right to enforce Rule 76(d)'s procedural deadline against Sanchez, whatever enforcing that deadline might mean. A party may by its conduct waive its right to assert a procedural deadline. *See Valley Nat'l Bank of Ariz. v. Meneghin*, 130 Ariz. 119, 122 (1981) ("While the requirements of the rules are binding, this does not mean that the failure to comply with them cannot be waived. Any irregularity in procedure may be waived if a party expressly or implicitly consents to it, as by acquiescing or failing to object to the procedure."); *Cnty. of La Paz v. Yakima Compost Co., Inc.*, 224 Ariz. 590, 598 ¶ 11 (App. 2010) ("Waiver may be inferred from a party's actions that are inconsistent with intent to assert a right.").

¶39 *Fourth*, dismissal with prejudice under Rule 41(b) is inappropriate where a party has already prevailed on the merits in an arbitration and is the first among the parties or the court to seek finality – as Sanchez did here by filing for judgment where the court and Shawcroft could have, but did not, take any steps toward finality first. Arizona courts interpret the rules of civil procedure liberally to allow resolution of claims on their merits. *See Walker v. Kendig*, 107 Ariz. 510, 513 (1971) (applying Ariz. R. Civ. P. 60(c): "It would be extremely unjust to enforce the judgment of dismissal in this case" because "relief should be granted to the extent of allowing the plaintiff a fair opportunity to present his claim on the merits."); *Flynn v. Campbell*, 243 Ariz. 76, 80-81 ¶ 10 (2017) ("We . . . interpret procedural rules 'to maximize the likelihood of a decision on the merits.'") (quoting *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287 (1995)). Sanchez won an award on the merits. Statute dictates that it become a judgment. A.R.S. § 12-133(E). Undoing that dismissal because of a prior procedural deficiency that neither the court nor Shawcroft acted upon before judgment undermines the rules' policy of preferring resolutions on the merits.

¶40 *Fifth*, federal case law persuades us that dismissal for failure to prosecute under Rule 41(b) is inappropriate when a party won the dispute on the merits. Because Arizona's Rule 41(b) is modeled after its

federal counterpart, we may turn to federal interpretations of Rule 41(b) for guidance. *Flynn*, 243 Ariz. at 80 ¶ 9. *Carnegie National Bank v. City of Wolf Point*, a federal appellate decision reversing a dismissal for want of prosecution entered years after an adjudication never reduced to judgment, reinforces our analysis. 110 F.2d 569, 572-73 (9th Cir. 1940).

¶41 Indeed, this case is a stronger one for setting aside the dismissal for want of prosecution than was *Carnegie National Bank*. As far as diligent prosecution, Sanchez's case was "prosecuted diligently enough down to decision in [her] favor," here, before the arbitrator. *See id.* But unlike the prevailing party in *Carnegie National Bank*, Sanchez even obtained a judgment before the court ruled that she failed to prosecute her case, albeit one that was later set aside. As concerns injury, the Ninth Circuit noted that the losing parties in *Carnegie National Bank* had "not been injured by the delay in entering a decree" because they were "in no worse position at the end than at the beginning of the period of indifference." *Id.* We know Shawcroft was uninjured by the delay because he offered in November 2023, near the end of the two-year delay, to have judgment taken against him on the terms of the arbitration. And while the attorney for the prevailing party in *Carnegie National Bank* was "at fault in failing or neglecting to conclude the matter," he was "not alone at fault." *Id.* So it was here – Rule 76(d) charged the court with performing an act it didn't perform, and the rule also allows "any party" to file for a judgment, not placing the procedural burden solely on Sanchez. Ariz. R. Civ. P. 76(d).

¶42 We thus conclude, as did the Ninth Circuit, that for the prevailing party "[t]o be summarily deprived of the fruits of victory now would appear a penalty so harsh that only extreme provocation would justify it" and "it was manifest injustice to dismiss the suit." *Id.* The Arizona Supreme Court's revision to Rule 76(d) demonstrated a preference for resolution on the merits of dismissed arbitration matters by authorizing their refiling. We follow the rule's text and purpose by reversing.

## CONCLUSION

**¶43** We reverse the superior court's decision vacating the January 2024 judgment, and direct it to re-enter judgment on the terms of the arbitration award. Because we do so, we reverse all grants of attorneys' fees in favor of Shawcroft and against Sanchez, as they are consequences of the decision we reverse. We deny Shawcroft's request for attorneys' fees on appeal. Sanchez is entitled to recover her costs on appeal upon her compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR