NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TRISTAN BIDDLE, *Plaintiff/Appellant*,

*v.*

THE CONNOR GROUP, *Defendant/Appellee*.

No. 1 CA-CV 25-0872

FILED 05-18-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-035562
The Honorable Christopher Whitten, Judge

**AFFIRMED**

COUNSEL

Tristan Biddle, Scottsdale
*Plaintiff/Appellant*

Zona Law Group PC, Scottsdale
By Scott E. Williams, Amy N. Toppel, Mark B. Zinman
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

**P A T O N**, Judge:

¶1            Tristan Biddle appeals the superior court's judgment dismissing his complaint against The Connor Group ("Connor") with prejudice.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Biddle entered into an agreement to lease an apartment from Aston Scottsdale XIV, LLC by its agent, Connor, starting in June 2024. Connor is a limited liability company registered in Ohio.

¶3            On November 22, 2024, Biddle emailed Connor's corporate counsel to address a landlord-tenant dispute.  Biddle then filed a complaint against Connor on December 10, 2024, alleging negligence, unsafe living conditions, and failure to maintain a habitable residence.

¶4            On December 13, 2024, Biddle filed an "affidavit of service by certified mail."  The affidavit was a pre-printed court form stating that Biddle served copies of an application for name change—not the summons and complaint—on Connor.  Biddle attached to the affidavit a receipt dated December 10, 2024, for express two-day delivery by FedEx of a FedEx envelope addressed to Connor at an address in Ohio.  Biddle also attached proof of delivery for the associated tracking number showing the envelope was delivered on December 12, 2024.  Both the receipt and the proof of delivery stated, "no signature required."  Despite the notification that no signature was required, the proof of delivery stated in electronic form that the documents were signed for by "M. Mrtini."  There was no actual signature on the form.  The form stated "no signature is currently available for this shipment.  Please check again later for a signature."

¶5            On January 15, 2025, Biddle filed a document styled "Request for Relief," stating Connor failed to timely respond to the complaint.  Biddle requested a default judgment.  Biddle simultaneously filed an application and affidavit for default, which is automatically effective ten days after an application for entry of default is filed.  Ariz. R. Civ. P. 55(a)(1).  On the application, which was also a preprinted form, Biddle checked the box stating that Connor "is not represented by an attorney that I know of." Biddle attested he had served Connor with the summons and complaint by "process server, alternative service, or by publication" and attested he attached proof of service to the application.  Biddle asserted that he mailed, postage prepaid, the application and affidavit for default to Connor.  Biddle

did not state that he mailed and emailed a copy of the application for entry of default on Connor's corporate counsel.

**¶6**      Biddle moved for entry of default judgment. In his motion, Biddle attested he had served Connor with the summons and complaint via "certified mail with signature." Connor moved to strike Biddle's application and affidavit for default. The superior court found that Biddle failed to comply with the service requirements of Arizona Rule of Civil Procedure ("Rule") 4.2 and Rule 55, found the entry of default void, and struck Biddle's application and affidavit for default. The court specifically found that Biddle did not serve Connor "with a form of mail that requires a signed and returned receipt, nor did [Biddle] file the required affidavit pursuant to [Rule] 4.2(c)(2)(C)." The court stated that Biddle "was aware of and corresponded with corporate counsel for The Connor Group," but did not indicate in his application and affidavit for default that he served that counsel, instead attesting that "Defendant is not represented by an attorney that I know of."

**¶7**      Biddle then filed several documents, all essentially seeking reconsideration, which the superior court denied.

**¶8**      Connor moved to dismiss Biddle's complaint on substantive grounds, arguing that Biddle sued the wrong party. Finding good cause and noting that Biddle had failed to respond, the superior court granted Connor's motion to dismiss. The court awarded Connor its attorneys' fees and entered final judgment dismissing the action with prejudice.

**¶9**      We have jurisdiction over Biddle's timely appeal under Arizona Revised Statutes ("A.R.S.") Sections 12-2101(A)(1) and -2102(A).

## DISCUSSION

**¶10**      Biddle argues the superior court erred in dismissing his complaint because it improperly struck his application and affidavit for default based on improper service. Biddle does not challenge the dismissal based on substantive grounds or his failure to respond to the motion to dismiss. Instead, Biddle seeks reinstatement of the entry of default and "the case returned to the default-judgment stage."

**¶11**      Biddle essentially disputes the evidence related to service, which we view in the "strongest light possible in favor of supporting the trial court's decision." *See Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 219, ¶ 10 (App. 2000). We review de novo the propriety of service as a "legal question of personal jurisdiction." *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9

(App. 2018). We review the interpretation and application of the Rules de novo. *Clayton ex rel Sherman v. Kenworthy*, 250 Ariz. 65, 67-68, ¶ 8 (App. 2020).

**¶12** Proper service of the summons and complaint is necessary for the superior court to acquire jurisdiction. *See Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321 (App. 1980). "If a defendant is not properly served with process, any resulting judgment is void and must be vacated." *Hilgeman*, 196 Ariz. at 218, ¶ 8; *French v. Angelic*, 137 Ariz. 244, 246 (App. 1983). Rule 4.2 governs service of process outside the state of Arizona and is applicable here for service on Connor, a limited liability company with an address outside of Arizona. Rule 4.2(c)(1) provides that:

> [i]f a serving party knows the address of the person to be served and the address is outside Arizona but within the United States, the party may serve the person by mailing the summons and a copy of the pleading being served to the person at that address by any form of postage-prepaid mail that requires a signed and returned receipt.

A limited liability company is a person under Arizona law. A.R.S. § 10-140(37) (defining "person" to include an entity) and -140(23) (defining "entity" to include a limited liability company).

**¶13** Biddle argues he properly served Connor as required by Rule 4.2(c) by "certified mail, return receipt requested." But the evidence does not support Biddle's argument. Although Rule 4.2(c)(1) does not specify service on an out-of-state defendant by "certified" mail, it does require mailing "by any form of postage-prepaid mail that requires a signed and returned receipt." Biddle thus was required to mail the summons and complaint to Connor by a form of mail that *required* a signed and returned receipt. Ariz. R. Civ. P. 4.2(c)(1). Here, the record shows that Biddle mailed documents in a method that explicitly did *not* require a signature. This failure alone mandates a legal conclusion of improper service. Ariz. R. Civ. P. 4.2(c)(1).

**¶14** Biddle also asserts he complied with Rule 4.2(c)(2) because he filed an affidavit of service attaching a signed return receipt indicating that Connor received the summons and complaint. Rule 4.2(c)(2) provides:

> When the post office returns the signed receipt, the serving party must file an affidavit stating:

(A) the person being served is known to be located outside Arizona but within the United States;

(B) the serving party mailed the summons and a copy of the pleading or other request for relief to the person by any form of mail described in Rule 4.2(c)(1);

(C) the serving party received a signed return receipt, which is attached to the affidavit and which indicates that the person received the described documents; and

(D) the date of receipt by the person being served.

¶15         Again, the evidence contradicts Biddle's argument. Rule 4.2(c)(2)(B) requires that, after service, the serving party file an affidavit with the superior court stating that the serving party mailed the summons and a copy of the pleading, here the complaint. But the affidavit Biddle filed on December 13, 2024—although titled "Affidavit of Service by Certified Mail" on the superior court's index of record and on the document itself—actually states that Biddle "ma[d]e this Affidavit to show that [he] served copies of the 'Application for Change of Name' and the 'Notice of Hearing Regarding Application for Change of Name' on . . . The Connor Group." The affidavit does not state that Biddle served the summons or complaint on Connor and thus does not comply with Rule 4.2(c)(2)(B).

¶16         Further, Biddle failed to comply with Rule 4.2(c)(2)(C) because he did not state in the affidavit that he had received a signed return receipt serving the summons and the complaint and failed to attach the required signed return receipt to the affidavit. That the carrier electronically acknowledged a signature (which does not itself appear in the record) is not sufficient. As such, Biddle failed to effectuate service.

¶17         The superior court may set aside an entry of default under Rule 55 for good cause. Ariz. R. Civ. P. 55(c). As we concluded above, service here was improper, which constitutes good cause sufficient to set aside the entry of default. *See Koven*, 128 Ariz. at 321 (noting that "proper service of process is essential for the court to have jurisdiction over the defendant" and that a "judgment would be void and subject to attack if the court that rendered it was without jurisdiction because of lack of proper service"). Thus, the superior court did not abuse its discretion in setting aside the entry of default as void. *See Richas v. Superior Court*, 133 Ariz. 512, 514 (1982).

## CONCLUSION

**¶18** We affirm the superior court's ruling. In our discretion, we grant Connor's request for attorneys' fees and costs on appeal upon compliance with Arizona Rules of Civil Appellate Procedure 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR